**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

ROBERTA DIDONI,

    Plaintiff,

vs.                                                                                                       **COMPLAINT**

COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, a Florida limited liability company, CRISTIAN AZZARITI, and PAOLO VANDRA, an individual,

    Defendants.

_____/

**COMPLAINT**

COMES NOW Plaintiff ROBERTA DIDONI ("Ms. Didoni" or "Plaintiff") who was an employee of Defendants COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, a Florida limited liability company, CRISTIAN AZZARITI, an individual, and PAOLO VANDRA, an individual (together, "Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

**I.   JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

2. This Court has original jurisdiction over Plaintiffs' federal question claims.

## II.   PARTIES

3. Plaintiff ROBERTA DIDONI ("Ms. Didoni") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Ms. Didoni was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant is a Florida limited liability company that has owned and operated Columbus Restaurant ("Columbus Restaurant"), located at 736 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

5. Defendant CRISTIAN AZZARITI ("Azzariti"), an individual and *sui juris*, was the general manager and employer at COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant ("Columbus Restaurant"), the restaurant at which Plaintiff was employed. Azzariti acted directly and indirectly in the interest of Columbus Restaurant. Azzariti managed Columbus Restaurant and had the power to direct employees' actions. Azzariti had management responsibilities, degree of control over Columbus Restaurant's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Cristian Azzariti an employer pursuant to 29 USC § 203(d).

6. Defendant PAOLO VANDRA ("Vandra"), an individual and *sui juris*, was the owner and employer at COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant ("Columbus Restaurant"), the restaurant at which Plaintiff was employed. Vandra acted directly and indirectly in the interest of Columbus Restaurant. Vandra managed Columbus Restaurant and

had the power to direct employees' actions. Vandra had management responsibilities, degree of control over Columbus Restaurant's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Paolo Vandra an employer pursuant to 29 USC § 203(d).

### III.   COVERAGE

7. During all material times, Defendant COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. During all material times, Defendant COLUMBUS RESTAURANT, LLC was an employer as defined by 29 U.S.C. § 203(d).

9. During all material times, Defendant VANDRA was an employer as defined by 29 U.S.C. § 203(d).

10. During all material times, Defendant AZZARITI was an employer as defined by 29 U.S.C. § 203(d).

11. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

12. During all material times, COLUMBUS RESTAURANT, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. During all material times, COLUMBUS RESTAURANT, LLC employed two or more people.

### IV.     FACTUAL ALLEGATIONS

14. The relevant time period for this action under the FLSA is a maximum of three years prior to date of filing ("Relevant Time Period").

15. Throughout the Relevant Time Period, Defendants operated a restaurant known as Columbus Restaurant ("Columbus Restaurant"), located at 736 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

16. Ms. Didoni worked as a hostess and server for Defendants from November, 2013, approximately, through July, 2016.

17. During the Relevant Time Period, the applicable Florida minimum wage was $7.79 per hour in 2013, $7.93 per hour in 2014, and $8.05 per hour in 2015 and 2016.

18. During the Relevant Time Period, the applicable overtime wage was one-and-a-half times Ms. Didoni's regular rate of pay.

19. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

20. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

21. Throughout a portion of her employment as a server at Columbus Restaurant, Ms. Didoni was required to share her tips with non-tipped employees such as managers and/or the house.

22. Throughout a portion of her employment as a server at Columbus Restaurant, Ms. Didoni was not paid for all hours worked but instead was only paid a share of the tips collected.

23. In addition, Ms. Didoni was not paid for all the hours she worked.

24. Ms. Didoni was required to pay for impermissible business expenses, such as walkouts and credit card chargebacks.

25. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

26. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff the full minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

27. Because of the institution and maintenance of the illegal tip credit violations, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff her applicable minimum and overtimes wages under the FLSA.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

29. Plaintiff reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

30. Defendants suffered or permitted Plaintiff to work without paying her for all the hours she worked.

31. Defendants required Plaintiff to share her tips with non-tipped employees, such as management and/or employer.

32. Defendants' actions were willful and intentional.

33. By suffering or permitting Plaintiff to work without being paid an hourly wage and requiring her to share her tips with non- tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

34. As a direct and proximate result of forcing Plaintiff to work without being paid an hourly wage and requiring her to share her tips with non- tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff ROBERTA DIDONI demands judgment in her favor and against Defendants COLUMBUS RESTAURANT, LLC, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

35. Plaintiff reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

36. Defendants suffered or permitted Plaintiff to work without paying her for all the hours she worked.

37. Defendants required Plaintiff to share her tips with non-tipped employees, such as management and/or employer.

38. Defendants' actions were willful and intentional.

39. By suffering or permitting Plaintiff to work without being paid an hourly wage and requiring her to share her tips with non- tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

40. As a direct and proximate result of forcing Plaintiff to work without being paid an hourly wage and requiring her to share her tips with non- tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

WHEREFORE, Plaintiff ROBERTA DIDONI demands judgment in her favor and against Defendants COLUMBUS RESTAURANT, LLC, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times her regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times her regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

41. Plaintiff reincorporates and re-alleges paragraphs 1 through 28 as though set forth fully herein and further alleges as follows:

42. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

43. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

44. Defendants did not rely on a good faith defense in forcing Plaintiff to work without being paid an hourly wage.

45. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

8

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

46. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff ROBERTA DIDONI demands judgment in her favor and against Defendants COLUMBUS RESTAURANT, LLC, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of June, 2018.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 11, 2018**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

**DIDONI v. COLUMBUS RESTAURANT, LLC, AZZARITI and VANDRA**
**Case No.:**

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808