**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 18-22325-CIV-ALTONAGA/Goodman**

ROBERTA DIDONI, on behalf of herself and
others similarly situated,

     Plaintiff,

vs.

COLUMBUS RESTAURANT, LLC d/b/a
Columbus Restaurant, a Florida limited liability
company, CRISTIAN AZZARITI, an
individual, and PAOLO VANDRA, an
individual,

     Defendants.

_____/

**FIRST AMENDED CLASS AND
COLLECTIVE ACTION
COMPLAINT**

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff ROBERTA DIDONI ("Ms. Didoni" or "Plaintiff"), on behalf of

herself and others similarly situated, who were employees of Defendants COLUMBUS

RESTAURANT, LLC d/b/a Columbus Restaurant, a Florida limited liability company,

CRISTIAN AZZARITI, an individual, and PAOLO VANDRA, an individual (together,

"Defendants"), and as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B)[1] files this First

Amended Class & Collective Action Complaint for unpaid minimum wage compensation,

unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), Article X,

Section 24 of the Florida Constitution, and for a declaration of rights.

_____

[1] Plaintiff's amended complaint is filed within 21 days of Defendants' responsive pleading [DE
8], filed July 12, 2018.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## I.      NATURE OF THE CASE

Plaintiff was an employee of the Defendants at their restaurant, Columbus Restaurant, located on Ocean Drive in Miami Beach, Florida. From 2013 to 2016, she worked at Columbus as a hostess and a server. As a server, a portion of the gratuity she earned was taken by her employers, in violation of the law. In addition, Plaintiff was not paid for all hours worked, because her actual hours worked were regularly changed by the Defendants, and because for a portion of her employment she was paid no wages at all. In addition, Plaintiff was required to pay for impermissible business expenses, such as customer walkouts and credit card chargebacks, in violation of the law. Plaintiff seeks damages for both herself and other servers who were similarly situated to her.

1.   Pursuant to the FLSA, Plaintiff and the proposed FLSA Class Members were subjected to similar violations of the FLSA.   The class of similarly situated employees or potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were required to share their tips with their employer, to pay for impermissible business expenses, and were not paid for all hours worked, for one or more weeks during the Relevant Time Period.

2.   Pursuant to the FMWA, Plaintiff and the proposed FMWA Class Members were subjected to similar violations of the FMWA.  The class of similarly situated employees or potential class action members sought to be certified under Fed. R. Civ. P. 23 is defined as:

> All persons who worked for Defendants as servers during the five (5) years preceding this lawsuit and who were required to share their tips with their employer, to pay for impermissible business expenses, and were not paid for all hours worked, for one or more weeks during the Relevant Time Period.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

4. The precise size and identity of the class can be ascertained from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

## I.   JURISDICTION AND VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff and FLSA Class Members' federal question claims.

7. This Court has supplemental jurisdiction over Plaintiff and FMWA Class Members' state question claims, under 28 U.S.C. § 1367.

## II.   PARTIES

8. Plaintiff ROBERTA DIDONI ("Ms. Didoni") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Ms. Didoni was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e). Plaintiff consent to participate in this lawsuit.

9. Plaintiff Didoni and the proposed FLSA Class Members were subjected to similar violations of the FLSA for the three years preceding the filing of this lawsuit ("FLSA Relevant Time Period").

3

10. Plaintiff Didoni and the proposed FMWA Class Members were subjected to similar violations of the FMWA for the five years preceding the filing of this lawsuit ("FMWA Relevant Time Period").

11. Plaintiff Didoni and the proposed class members were subjected to similar violations of the FMWA for the five years preceding the filing of this lawsuit ("FMWA Relevant Time Period").

12. Defendant COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant is a Florida limited liability company that has owned and operated Columbus Restaurant ("Columbus Restaurant"), located at 736 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

13. Defendant CRISTIAN AZZARITI ("Azzariti"), an individual and *sui juris*, was the general manager and employer at COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant ("Columbus Restaurant"), the restaurant at which Plaintiff was employed. Azzariti acted directly and indirectly in the interest of Columbus Restaurant. Azzariti managed Columbus Restaurant and had the power to direct employees' actions. Azzariti had management responsibilities, degree of control over Columbus Restaurant's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Cristian Azzariti an employer pursuant to 29 USC § 203(d) and the FMWA.

14. Defendant PAOLO VANDRA ("Vandra"), an individual and *sui juris*, was the owner and employer at COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant ("Columbus Restaurant"), the restaurant at which Plaintiff was employed. Vandra acted directly and indirectly in the interest of Columbus Restaurant. Vandra managed Columbus Restaurant and

4

had the power to direct employees' actions.  Vandra had management responsibilities, degree of control over Columbus Restaurant's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Restaurant in accordance with the FLSA making Defendant Paolo Vandra an employer pursuant to 29 USC § 203(d) and the FMWA.

### III.   COVERAGE

15. During all material times, Defendant COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. During all material times, Defendant COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant was an enterprise covered by the FMWA.

17. During all material times, Defendant COLUMBUS RESTAURANT, LLC was an employer as defined by 29 U.S.C. § 203(d) and Art. X, Sect. 24(b) of the Florida Constitution.

18. During all material times, Defendant VANDRA was an employer as defined by 29 U.S.C. § 203(d) and Art. X, Sect. 24(b) of the Florida Constitution.

19. During all material times, Defendant AZZARITI was an employer as defined by 29 U.S.C. § 203(d) and Art. X, Sect. 24(b) of the Florida Constitution.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

20. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

21. During all material times, COLUMBUS RESTAURANT, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

22. During all material times, COLUMBUS RESTAURANT, LLC employed two or more people.

## IV.   FACTUAL ALLEGATIONS

23. The relevant time period for this action under the FLSA (minimum and overtime wages) is a maximum of <u>three</u> years prior to date of filing ("FLSA Relevant Time Period"). The FLSA period thus begins June 11, 2015.[2]

24. The relevant time period for this action under the FMWA (minimum wages) is a maximum of <u>five</u> years prior to date of filing ("FMWA Relevant Time Period"). The FMWA period thus begins June 11, 2013.

25. Throughout the Relevant Time Period, all three Defendants have operated a restaurant known as Columbus Restaurant ("Columbus Restaurant"), located at 736 Ocean Drive, Miami Beach, Miami-Dade County, Florida.

26. Ms. Didoni worked as a hostess and server for Defendants from November, 2013, approximately, through July, 2016.

---

[2] Plaintiff's initial complaint [DE 1] was filed on June 11, 2018.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

27. During the <u>FLSA</u> Relevant Time Period, the applicable Florida <u>minimum</u> wage was $8.05 per hour in 2015 and 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

28. During the <u>FLSA</u> Relevant Time Period, the applicable <u>overtime</u> wage for FLSA Class Members was one-and-a-half times their regular rate of pay.

29. During the <u>FMWA</u> Relevant Time Period, the applicable Florida <u>minimum</u> wage was $7.79 per hour in 2013, $7.93 per hour in 2014, $8.05 per hour in 2015 and 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

30. Under the FLSA, and FMWA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage.  This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

31. To utilize the tip credit under the FLSA, and FMWA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).  If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

32. Throughout all or a portion of their employment as servers at Columbus Restaurant, Ms. Didoni and Class Members were required to share their tips with their employers.

33. Throughout all or a portion of their employment as servers at Columbus Restaurant, Ms. Didoni and Class Members were not paid for all hours worked.

7

34. Throughout all or a portion of their employment as servers at Columbus Restaurant, Ms. Didoni and Class Members were required to pay for impermissible business expenses, such as walkouts and credit card chargebacks.

35. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

36. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's, and Class Members', tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff and Class Members the full minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

37. Because of the institution and maintenance of the illegal tip credit and wage and hour violations, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff and Class Members their applicable minimum and overtimes wages under the FLSA.

38. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff seeks certification of collective action from this court, for herself and those similarly situated, pursuant to 29 U.S.C. 216(b).

40. A district court, under the two-tiered approach used to determine whether an FLSA collective action is appropriate, first approves conditional certification upon a minimal showing that members of the proposed class are similarly situated. Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201, *et seq.*

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

41. "[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007), citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). "Accordingly, at the initial stage, courts apply a 'fairly lenient standard' for determining whether the Plaintiff are truly similarly situated." *Anderson*, at 953, citing *Mooney*, at 1214. "At the first stage (typically in response to a motion to conditionally certify made prior to discovery) the court utilizes a "fairly lenient" standard in light of the limited evidence then available." *Epps v. Oak St. Mortg., LLC*, 2006 WL 1460273, at *3 (M.D. Fla. May 22, 2006). "[A]t the second stage Plaintiff *may*—the ultimate decision rests largely within the district court's discretion— not succeed in maintaining a collective action under § 216(b) based solely on allegations and affidavits, depending upon the evidence presented by the party seeking decertification." *Id.*

42. Plaintiff and those similarly situated performed the same or similar jobs as one another in that they were employed as servers in Defendants' restaurant.

43. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Plaintiff and those similarly situated to share their tips with their employers.

44. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Plaintiff and those similarly situated to pay for impermissible business expenses with their wages.

45. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced Plaintiff and those similarly situated to work as servers without being paid for all hours worked.

46. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of

9

Plaintiff or those joining this lawsuit.  Rather, the same policies or practices apply to all members of the collective action.  Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were required to share their tips with their employer, to pay for impermissible business expenses, and were not paid for all hours worked, for one or more weeks during the Relevant Time Period.

47. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme, in which their tips were shared with their employers.

49. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to work without being paid for all hours worked.

50. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the minimum wage rate for all hours worked up to forty in a week and at the overtime rate of time-and-one-half for all hours worked in excess of forty hours in a work week.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

51. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

52. Plaintiff, on behalf of herself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 51 as though set forth fully herein and further alleges as follows:

53. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which servers shared their tips with their employers.

54. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to pay for impermissible business expenses, including walkouts and credit card chargebacks, with their own wages.

55. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work without paying them wages for all hours worked.

56. By forcing Plaintiff and those similarly situated to share tips with their employers, to pay for impermissible business expenses, and to work unpaid hours, Defendants cannot claim the tip credit and therefore owe Plaintiff and FLSA Class Members the full minimum wage for each hour worked up to forty hours in a week.

57. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with their employers, to pay for impermissible business expenses, and to work unpaid hours, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

11

WHEREFORE Plaintiff ROBERTA DIDONI, on behalf of herself and those similarly situated, demands the entry of judgment in their favor and against Defendants COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked up to forty in a week at the full minimum wage due them for the hours worked by them which have not been properly compensated;

b) Award to Plaintiff, and those similarly situated, for payment of all tips taken and distributed in Defendants' illegal tip-sharing scheme;

c) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty in a week at the full minimum wage owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

d) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

58. Plaintiff, on behalf of herself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 51 as though set forth fully herein and further alleges as follows:

59. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which servers shared their tips with their employers.

12

60. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to pay for impermissible business expenses, including walkouts and credit card chargebacks, with their own wages.

61. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work without paying them wages for all hours worked.

62. By forcing Plaintiff and those similarly situated to share tips with their employers, to pay for impermissible business expenses, and to work unpaid hours, Defendants cannot claim the tip credit and therefore owe Plaintiff and FLSA Class Members the full overtime wage for each hour worked in excess of forty hours in a week.

63. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with their employers, to pay for impermissible business expenses, and to work unpaid hours, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

WHEREFORE Plaintiff ROBERTA DIDONI, on behalf of herself and those similarly situated, demands the entry of judgment in their favor and against Defendants COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty in a workweek at the rate of one-and-a-half times their regular rate of pay;

b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all overtime wages owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

13

c) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## FMWA CLASS ACTION ALLEGATIONS

64. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the named Plaintiff seeks certification and are members of the following putative FMWA Class she seeks to represent:

> All persons who worked for Defendants as servers during the five (5) years preceding this lawsuit and who were required to share their tips with their employer, to pay for impermissible business expenses, and were not paid for all hours worked, for one or more weeks during the Relevant Time Period.

65. The class action is properly maintainable under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

66. Numerosity:   This action satisfies numerosity.   The class defined in paragraph 64 is sufficiently numerous that separate joinder of each member is impracticable as the class will be comprised of more than twenty-five (25) absent class members.

67. Commonality:  The named Plaintiff's claims raise questions of law and fact common to each member of the class, which include, but are not limited to:

a. whether servers have been paid an hourly wage rate below the statutory minimum for some or all hours worked;

b. whether servers paid a portion of their tips to their employers;

c. whether servers paid for impermissible business expenses, such as customer walkouts and credit card chargebacks; and

d. whether Defendants' conduct willfully violated Article X, Section 24.

14

68. <u>Typicality</u>:  The claims of the named Plaintiff are typical of the claims of the class members because the representative Plaintiff, like all members of the class, was a server who was forced to share her tips with her employers, was not paid for all hours worked, and was forced to pay for impermissible business expenses.

69. <u>Adequacy</u>:  The named Plaintiff will vigorously pursue the claims alleged herein on behalf of herself and class members.  The named Plaintiff's claims have no adverse interests to the proposed absent class members because they assert the same claims under Article X, Section 24, seek the same relief as would the absent class members if each were to bring a similar action individually.  The named Plaintiff will adequately protect and represent the interests of each absent class member.

70. <u>Predominance</u>:  Pursuant to Rule 23(b)(3), class certification is appropriate because the Florida minimum wage claims alleged on behalf of the class, as described in the aforementioned paragraphs, predominate over any question of law or fact affecting only individual members of the class.  The predominance questions of law or fact are clear, precise, well-defined, and applicable to the named Plaintiff as well as every absent member of the proposed class. In addition, the minimum wage calculation in this suit is a purely mechanical act (minimum wage – wage paid x hours worked = damages), class claims predominates over any individual issues.

71. <u>Superiority</u>:  Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including, but not limited to, the following: (1) this action challenges the policy of a long-time employer and therefore employees may be reluctant to bring claims individually for fear of retaliation; (2) some class members may have only worked for Defendants for a short period of time and their

15

individual damages would not be substantial enough to be worth the effort of bringing individual claims; (3) class members may not have the resources to bring their claims individually; and (4) it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

**COUNT III**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF**
**THE FLORIDA CONSTITUTION, ARTICLE X, SECTION 24**

72. Plaintiff, on behalf of herself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 38 and 64 to 71 as though set forth fully herein and further alleges as follows:

73. This action is brought pursuant to the Florida Constitution for failure to pay FMWA Class Members, who were employed by Defendants, within the past five (5) years at least the full minimum wage for all hours worked pursuant to Fla. Cont. Art. X § 24(c) ("Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida.").

74. During the Relevant Time Period, Defendants willfully violated the Florida Constitution, Article X, § 24 by failing to pay servers the minimum wage required by Florida law.

75. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which servers were forced to share their tips with their employers.

76. By forcing Plaintiff and those similarly situated to share their tips with their employers, Defendants cannot claim the tip credit and therefore owe Plaintiff and the FMWA Class Members the full minimum wage for each hour worked up to forty hours in a week.

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

77. As a direct and proximate result of forcing Plaintiff and those similarly situated to share tips with their employers, work hours without pay, and pay for impermissible business expenses, Plaintiff, and those similarly situated, have been damaged for one or more weeks of work with Defendants.

WHEREFORE Plaintiff ROBERTA DIDONI, and behalf of herself and those similarly situated, demands the entry of judgment in their favor and against Defendants COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Award to Plaintiff, and those similarly situated, for payment of all hours worked up to forty in a week at the full minimum wage due her and the FMWA Class under Article X, Section 24 of the Florida Constitution;

b) Award to Plaintiff, and those similarly situated, for payment of all tips taken and distributed in Defendants' illegal tip-sharing scheme;

c) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty in a week at the full minimum wage owed under Article X, Section 24 of the Florida Constitution or, if liquidated damages are not awarded, then prejudgment interest;

d) Award to Plaintiff, and those similarly situated, reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## COUNT IV
## <u>DECLARATION OF RIGHTS</u>

78. Plaintiff reincorporates and re-alleges paragraphs 1 through 51 as though set forth fully herein, and further alleges as follows:

79. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.  The Court also had jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

80. Defendants did not rely on a good faith defense in forcing Plaintiff, and those similarly situated, to share tips with their employers, pay for impermissible business expenses, or to work for less than the statutory minimum and overtime wage for tipped employees, under the FLSA.

81. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

82. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE Plaintiff ROBERTA DIDONI, and those similarly situated, demand the entry of judgment in their favor and against Defendants COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, CRISTIAN AZZARITI, and PAOLO VANDRA, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

18

b)  Enjoin Defendants from further violations of the FLSA;

c)  Award Plaintiff reasonable attorneys' fees and costs;

d)  Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 17th day of July, 2018.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 17, 2018**, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:   **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

**DIDONI v. COLUMBUS RESTAURANT, LLC, AZZARITI and VANDRA**
**CASE NO. 18-22325-CIV-ALTONAGA/Goodman**

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808