UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROBERTA DIDONI, on behalf of herself
And others similar situated,

        CASE NO.: 1:18-cv-22325

    Plaintiff,

v.

COLUMBUS RESTAURANT, LLC D/B/A
COLUMBUS RESTAURANT, a Florida limited
liability company, CRISTIAN AZZARITI, an
individual, and PAOLO VANDRA, an individual,

    Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY 216(b) COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL 216(b) CLASS MEMBERS WITH INCORPORATED MEMORANDUM OF LAW**

    Defendants Columbus Restaurant, LLC d/b/a Columbus Restaurant, a Florida Limited Liability Company ("Restaurant") and individual defendant Cristian Azzariti ("Azzariti") (collectively "Defendants" or "Columbus"), by and through their counsel, the Law Offices of Nolan Klein, P.A., hereby responds to Plaintiff Roberta Didoni's ("Plaintiff") Motion to Certify 216(b) Collective Action and Facilitate Notice to Potential 216(b) Class Members with Incorporated Memorandum of Law ("Motion to Certify") filed on behalf of herself and on behalf of others situated, as follows:

INTRODUCTION

    Plaintiff was a former server and hostess at the Restaurant and contends that during her employment tenure, Columbus violated the Fair Labor Standard Acts by requiring her to share tips, pay for impermissible business expenses, and not paying her all the wages she is owned. Plaintiff submits her Motion to Certify in hopes of gathering enough of the necessary information

to validate Plaintiff's claims by showing there were other employees who also were forced to share tips, pay for impermissible business expenses, and owed payment. As shown herein, Plaintiff has failed to meet her burden for conditional certification as: (1) she has failed to show other similarly situated employees would opt-in to this matter; and (2) her requested certification is overbroad, and thus must be denied.

## ARGUMENT

## LEGAL STANDARD

The Fair Labor Standard Acts ("FLSA") permits collection actions to proceed against a single employer for violations of the FLSA. *See generally* 29 U.S.C. § 216(b). "Unlike a Rule 23 class action, in which each person falling within a certified class is bound by the judgment unless he or she opts out, each putative plaintiff must affirmatively opt into an FLSA class action." Order Denying Plaintiff's Mot. for Conditional Certification and Facilitation of Court-Authorized Notice, *Enrique Collado* et al., *v. J. & G. Transport, Inc.* et al., Case Number 14-80467-civ-Goodman (S.D. Fla Sept. 16, 2014) (ECF 44) (internal citations omitted) (hereinafter referred to as "*Collado*, 14-80467-civ-Goodman").

"Courts employ a two-step procedure when determining whether to certify a class under the Fair Labor Standards Act" *Pina v. FedEx Freight, Inc*., 17-24274-CIV, 2018 WL 1660671, at *1 (S.D. Fla. Apr. 5, 2018). The first step is the "conditional certification" or "notice" stage whereby Courts must determine whether the plaintiff has adequately met their burden of demonstrating a reasonable basis that (1) there are other employees of the defendant that desire to opt-in and (2) that those employees are "similarly situated". *See Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1576-68 (11th Cir. 1991); *see also Rife v. Fronton Holdings, LLC,* 219 F. Supp. 3d 1256, 1259 (S.D. Fla. 2016) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233

(11th Cir. 2008); This first stage is considered to be "conditional" as the decision to certify "may be reexamined once the case is ready for trial." *Morgan*, 551 F.3d at 1261. The second step is triggered when the defendant files the motion for decertification. *Id.*

I. PLAINTIFF IS NOT ENTITLED TO CONDITIONAL CERTIFICATION AND FACILITATION OF COURT-AUTHORIZED NOTICE AS PLAINTIFF HAS FAILED TO MEET HER BURDEN DEMONSTRATING A REASONABLE BASIS THAT OTHER EMPLOYEES WILL OPT-IN WHO ARE SIMILARLY SITUATED.

In order for Plaintiff to be granted certification of the case as a collective action under the FLSA, Plaintiff has the burden of showing a reasonable basis that there are other employees that desire to opt-in who are similarly situated[1]. *See Dybach*, 942 F.2d at 1567-68. As shown below, Plaintiff has failed to meet this burden, and as such, her Motion to Certify is without merit, and must be dismissed.

   a. Plaintiff Has Failed To Demonstrate Other Employees Desire To Opt-In

The first requirement under *Dybach* requires Plaintiff to show there are other employees who desire to opt-in the case. *Id*. In order to show other employees desire to opt-in, Plaintiff must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary" and "cannot rely on speculative, vague, or conclusory allegations." *Kemar Fung Chung v. Affordable Battery, Inc.*, 12-60612-CIV, 2012 WL 3759029, at *1 (S.D. Fla. Aug. 29, 2012) (citing cases).

While there is no definitive set number to the exact number of additional employees are required, "'[f]ederal courts across the Middle and Southern Districts of Florida have routinely

---

[1] As the instant matter before this Court only relates to the first stage, Columbus will only respond to Plaintiff's burden under this stage as to not waste this Court's time. However, Columbus does not waive any rights as to their objections that Plaintiff is entitled to class certification under the second stage and can and will raise said objections when and if Columbus is required to file a Motion for Decertification.

3

denied requests for conditional certification where ... the plaintiff attempts to conditionally certify a broad group based only on the conclusory and unsupported allegations of a few employees.'" *Kubiak v. S.W. Cowboy, Inc*., 312-CV-1306-J-34JRK, 2014 WL 2625181, at *9 (M.D. Fla. June 12, 2014) (citing *Alvarez v. Sun Commodities, Inc*., No. 12–60398–CIV, 2012 WL 2344577, at *2 n. 3 (S.D.Fla. June 20, 2012)).

In *Manzi v. Hartman and Tyner, Inc.*, a similar matter as to the instant one, the plaintiff argued that the employer failed to comply with the "tip credit" requirement of the FLSA, however the court ruled that the plaintiff had failed to meet his burden in relation to additional employees even though he submitted three affidavits of other employees that desired to opt-in, No. 11-60426, 2011 EL 2672342, at *2 (S.D. Fla. July 8, 2011). After a thorough review of the affidavits, the court in *Manzi* ruled that because none of the affidavits, nor the plaintiff, submitted any evidence or sworn statement to suggest that they know other employees willing to join the suit, there was no evidence suggesting more employees had a desire to opt-in to the case and denied the motion to proceed as a collective action. *Id.* at *3 - *4.

In another similar "tip credit" case, the plaintiffs argued that the employer violated the FLSA by requiring them to share tips with non-tipped employees, however the court ruled that the two plaintiffs failed to meet their burden in relation to additional employees even though they submitted two affidavits from two employees that desired to join the suit. *David v. Associated Out-Door Clubs, Inc*., 8:09-CV-1541-T-30MAP, 2010 WL 1730702, at *1 (M.D. Fla. Apr. 27, 2010). After reviewing the plaintiffs' and employees' affidavits, and while noting that all four of the affidavits were identical, the court denied conditional certification because even though all four affidavits claimed to know others were interested in joining, not one of them could identify any specific other employee. *Id.*

4

In yet another related FLSA case, the court denied the plaintiff's unsupported expectations that other plaintiffs would come forward once notice was given stating "certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the Court." *Webber v. Coast Dental, P.A.,* 8:12-CV-1505-T-33AEP, 2013 WL 935772, at *3 (M.D. Fla. Mar. 11, 2013) (citing *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003).

In the instant matter, Plaintiff, like the plaintiffs in *Manzi*, *David*, and *Webber*, has failed to meet her burden demonstrating that additional employees have a desire to opt-in into this suit should the Motion to Certify be granted. Like the plaintiffs in *Manzi*, *David*, and *Webber*, Plaintiff and potential plaintiff Ximena Lara ("Lara") have only provided conclusory allegations in their nearly identical affidavits that state that they have "personal knowledge that other servers will want to participate in this lawsuit . . . [but] many of them are unaware of their rights . . ." Didoni Aff. ¶ 11 (ECF No. 20-1), Lara Aff.  ¶ 11 (ECF No. 20-2).  Neither Plaintiff nor Lara have identified who these additional employees are, any specific identifying facts that would show they exist and/or still alive and able to join, how many additional employees there are, whether they still work for Columbus, or anything to show that this nothing more than a vague bluff. In fact, the only specifics as to the number of employees proffered is conflicted testimony between Plaintiff (40 employees) (Didoni Aff. ¶ 12) and Lara (30 employees) (Lara Aff. ¶ 10).

Further, Plaintiff all but admits in her Motion to Certify that she has no specific information, as Plaintiff is requesting Columbus post the notice in the Restaurant and provide Plaintiff with names and contact information of their entire requested class. Motion to Certify p. 16. All Plaintiff claims is that other employees with the term "server" will opt in once they have

5

notice without offering any specific facts demonstrating that, just mere conjecture on the basis that they have "personal knowledge that other services will want to participate in this lawsuit . . ." *Id.* Based upon these conflicting statements, it is axiomatic that Plaintiff and Lara are merely bluffing as to their "personal knowledge" of other employees with the job title of "servers" (a term put into quotes by Plaintiff in the Motion to Certify at p. 11) as if they did, they would be able to provide more information, and not need their names and addresses from Columbus. Further, like the plaintiffs in *Webber*, Plaintiff is attempting to use class action notice to find plaintiffs willing to opt-in. As such, Plaintiff has failed to meet the burden under *Dybach*, and the Motion to Certify must be denied.

      b. <u>Plaintiff Has Failed To Demonstrate Other Employees Are Similarly Situated</u>

Even if this Court determines that Plaintiff has been able to meet her burden of identifying additional employees with a desire to opt-in, Plaintiff still has failed to meet the required burden in the Motion to Certify by failing to show the proposed class is similarly situated. While there is no set definition of similarly situated, it is generally agreed that the individuals must be "similarly situated" with respect to job requirements and pay provisions. *See Dybach*, 942 F.2d at 1567-68. Additionally, "[a]lthough the similarly situated standard is a low threshold, a showing of similarity requires more than generalized allegations." *Robinson v. Dolgencorp, Inc.*, 506CV-122-OC-10GRJ, 2006 WL 3360944, at *5 (M.D. Fla. Nov. 13, 2006). However, the Eleventh Circuit has stated that "[a]s a district court in this circuit has correctly observed, although the FLSA does not require potential class members to hold identical positions . . . the similarities necessary to maintain a collective action under § 216(b) must extend beyond the mere facts of job duties and pay provisions . . . Otherwise, it is doubtful that § 216(b) would further the interests of judicial

economy, and it would undoubtedly present a ready opportunity for abuse." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007) (internal citations omitted).

In the instant matter, Plaintiff has failed to show that she is "similarly situated" beyond generalized allegations. First, Plaintiff admits she was a hostess and a server, yet is requesting in the Motion to Certify to limit the actions to "servers." Didoni Aff. ¶¶ 1, 14. Second, in the Motion to Certify, Plaintiff all but admits that the only similarities known to her are just the facts of job duties and provisions. Specifically, Plaintiff states that:

> Here, Defendants employed similarly situated individuals in the defined class as servers in Miami-Dade County, Florida. See Affidavits of Didoni [DE 20-1], and Lara [DE 20-2]. To that end, Defendants employ and/or employed numerous servers in the defined class, all of whom are subjected to Defendants' unlawful compensation practice of suffering or permitting servers to work without paying them a wage for all hours worked, to share their tips with their employer, and to pay for impermissible business expenses.

*See* Motion to Certify p. 10.

In fact, when arguing that the proposed notice would discover more "similarly situated" employees, Plaintiff goes on to state that "[s]imilarly situated employees with the same or similar job titles of 'server,' who all allegedly experienced the same FLSA violations, will opt-in to the instant lawsuit when notice is given". *Id.* p. 11 (quotations in the original). Further as shown above, Plaintiff's affidavit and Lara's Affidavit fail to show any details about who these "similarly situated" employees are other than being "servers" who participated in the tip pool." Didoni Aff. ¶ 11, Lara Aff. ¶ 11. As such, it is clear that Plaintiff has failed to proffer any evidence in relation to "similarly situated' employees other than job title and pay provisions, and as explained in *Anderson*, Plaintiff has failed to meet her burden under *Dybach*, and the Motion to Certify must be denied.

II. PLAINTIFF IS NOT ENTITLED TO HER REQUESTED CONDITIONAL CERTIFICATION AND FACILITATION OF COURT-AUTHORIZED NOTICE AS EVEN IF PLAINTIFF MET HER BURDEN DEMONSTRATING A REASONABLE BASIS THAT OTHER EMPLOYEES WILL OPT-IN WHO ARE SIMILARLY SITUATED AS PLAINTIFF HAS FAILED TO SHOW SHE IS ENTITLED TO THE REQUESTED CLASS DEFINITIONS AND NOTICE REQUIREMENTS

In the event this Court determines that Plaintiff has met the *Dybach* burdens in the Motion to Certify, Plaintiff has failed to prove she is entitled to the requested class definition and notice requirements.

    a. <u>Plaintiff's Class Member Definition Includes Inapplicable References And Is Too Broad</u>

        i. Plaintiff's class member definition includes inapplicable references.

While only "minimal evidence" is required to support conditional certification, there must be at least some evidence to support conditional certification. *See Collado*, 14-80467-civ-Goodman at 4 (denying plaintiff's unopposed motion for conditional certification because the plaintiffs' class was defined as employees who were not paid minimum wage and ruling that "[w]hile minimum wage is referenced in the Amended Complaint in this action [ECF No. 36, pp. 8-9], it is not referenced in either of the affidavits included in support of the Motion to conditionally certify the above-referenced class [ECF Nos. 38-1; 38-2]. Instead, the affidavits reference only Defendants' failure to pay proper overtime compensation. [Id.]. While the standard at this stage is lenient, and only 'minimal evidence' is required to support conditional certification, there is, essentially, no evidence supporting conditional certification of a class that includes those not paid a minimum wage.").

In the instant matter, as in *Collado*, Plaintiff's definition includes information without proffering any evidence. Specifically, Plaintiff defines the 216(b) Class Members as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were required to share their tips with their employer, to pay for

8

>impermissible business expenses, and were not paid for all hours worked, for one or more weeks during the Relevant Time Period.

Motion to Certify p. 1.

However, a thorough review of Plaintiff's Affidavit and Lara's Affidavit only show evidence of tip pools (Didoni Aff ¶ 5 and Lara Aff ¶ 4), overtime (Didoni Aff ¶ 6 and Lara Aff ¶ 5), and failure to pay hourly wages/not paid for all time worked (Didoni Aff ¶¶ 8,11,14 and Lara Aff ¶ 9,12). As there is no mention of impermissible business expenses, Plaintiff's definition, like the plaintiff in *Collado*, must be denied.

### ii. Plaintiff's class member definition is overbroad

This Court has discretion to consider whether the Plaintiff's proposed class definition is overbroad and therefore deny the class based upon that definition. *See Mackenzie*, 276 F.Supp.2d at 1221; *Rife*, 219 F.Supp.3d at 1261; *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1278 (M.D. Ala. 2004) ("First, plaintiffs have articulated almost no limit to the definition of their proposed class, including 'all "similarly situated" employees (current and former) of Defendant who were subject to the uniform policy of not paying overtime compensation.' Such a broad class almost inevitably would include employees with very different job titles and responsibilities, both of which are relevant factors in making the 'similarly situated' determination").

As explained above, Plaintiff has failed to properly classify what a "server" is, and thus identifying "all persons who worked for Defendants as servers" is overbroad. In fact, the only definition of servers cited to by Defendants is by Plaintiff in which she stated that "the taking of food and beverage orders, the serving of food and beverages, opening of bottled wine, clearing and cleaning of tables, opening and closing sidework, and other duties required of servers." Motion

9

to Certify p. 4. Like the plaintiffs in *Mackenzie*, *Rife*, and *Davis*, Plaintiff's definition could include an almost unlimited amount of class members and, as such must denied.

   b. <u>Plaintiff's Notice Request Is Unreasonable</u>

In the Motion to Certify, Plaintiff requests this notice be posted at the Restaurant and force Columbus to produce contact information of all potential class members. While Columbus contends that this request will be deemed moot based upon the above arguments, Plaintiff's requests are wholly unreasonable for multiple reasons.

In relation to the notice at the Restaurant, Plaintiff has not cited to any case in this circuit which authorizes the posting of a notice at the Restaurant, proving that this is not the controlling law in this Eleventh Circuit. Further, to do so would be unreasonable to Columbus as such notice would be seen by current and/or future employees and customers and could potentially cripple their ability to successfully operate the business. Finally, in relation to the request to produce names, last-known physical addresses, and email addresses of potential class members, this request is impossible to comply with as Plaintiff has failed to properly define who would be considered a potential class member, showing this is nothing more than a fishing expedition. As such, both Plaintiff's requests as to the Court-Ordered Notice must be denied.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that this Court should deny Plaintiff's Motion to Certify 216(b) Collective Action and Facilitate Notice to Potential 216(b) Members and grant any other relief that it deems just.

Dated: August 27, 2018

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Defendants,*
*Columbus Restaurant, LLC and*
*Cristian Azzariti*
Wells Fargo Tower – Suite 1500
One East Broward Boulevard
Fort Lauderdale, FL  33301
PH: (954) 745-0588

By:  */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQUIRE
Florida Bar No. 484857
ramirez@nklegal.com
NOLAN KLEIN, ESQUIRE
Florida Bar No. 647977
klein@nklegal.com
amy@nklegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFIY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this 27th day of August, 2018.

By:  */s/ Hector V. Ramirez*
HECTOR V. RAMIREZ, ESQUIRE
Florida Bar No. 484857

## SERVICE LIST:

**ROBERT W. BROCK II, ESQUIRE**
Florida Bar No. 75320
LAW OFFICE OF LOWELL J. KUVIN
17 East Flagler Street, Suite 223
Miami, FL 33131
PH:    (305) 358-6800
FAX:  (305) 358-6808
*Attorneys for Plaintiffs*
robert@kuvinlaw.com
legal@kuvinlaw.com