UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22325-CIV-ALTONAGA/Goodman

ROBERTA DIDONI, *et al.*,

    Plaintiffs,

v.

COLUMBUS RESTAURANT,
LLC, *et al.*,

    Defendants.
_____/

ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Roberta Didoni and Ximena Lara's

Motion to Certify 216(b) Collective Action and Facilitate Notice to Potential 216(b) Class

Members [ECF No. 18], filed August 13, 2018.  The Court has carefully reviewed the Motion;

Defendants, Columbus Restaurant, LLC, Cristian Azzariti, and Paolo Vandra's Opposition [ECF

No. 26]; Plaintiffs' Reply [ECF No. 28]; the Amended Complaint [ECF No. 9]; the parties'

supporting exhibits; and applicable law.

I.      BACKGROUND[1]

Plaintiffs, for themselves and on behalf of a collective class, have brought claims under

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 216(b) for failure to pay minimum

wages and overtime wages, respectively (Counts I & II); and the Florida Minimum Wage Act,[2]

_____

[1] The facts are taken from the Amended Complaint and the declarations submitted by the parties.  *See
Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1275 (M.D. Ala. 2004) (quoting *Hipp v.
Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (stating district courts decide motions
for conditional certification "based only on the pleadings and any affidavits which have been submitted"
(citation omitted))).

[2] The Amended Complaint alleges violations under the "FMWA" but fails to define this abbreviation.
(*See* Am. Compl. ¶¶ 2, 73).  Although the Amended Complaint cites to the Florida Constitution as the

section 448.110, Florida Statutes (Count III).  (*See id.* 11–17).  Plaintiffs separately seek a

declaration of rights under 29 U.S.C. sections 2201 and 2202 (Count IV).  (*See id.* 18–19).

Didoni was an employee of Defendants at Columbus Restaurant from 2013 through 2016,

where she worked as a hostess and server.  (*See id*. ¶ 26).  The Complaint alleges Defendants

withheld a portion of the gratuities Didoni earned, failed to pay her for all hours worked, and

forced her to pay impermissible business expenses.  (*See id*. ¶¶ 32–34).  Specifically, Didoni

alleges she and other employees were required to share their tips with their employer (*see id*.

¶ 32); were not paid for hours worked (*see id*. ¶ 33), were required to pay for customer walkouts

and credit card chargebacks (*see id*. ¶ 34), and regularly worked in excess of 40 hours per week

(*see id.* ¶ 35).

Didoni alleges similarly situated employees at the restaurant endured the same treatment

she did, and seeks to certify the following class under 29 U.S.C. section 216(b):

> All persons who worked for Defendants as servers during the three (3) years
> preceding this lawsuit and who were required to share their tips with their
> employer, to pay for impermissible business expenses, and were not paid for all
> hours worked, for one or more weeks during the Relevant Time Period.

(Am. Compl. ¶ 1).  Didoni also seeks to certify the following class under the Florida Minimum

Wage Act:

> All persons who worked for Defendants as servers during the five (5) years
> preceding this lawsuit and who were required to share their tips with their
> employer, to pay for impermissible business expenses, and were not paid for all
> hours worked, for one or more weeks during the Relevant Time Period.

(Am. Compl. ¶ 2).

Plaintiffs submitted two affidavits in support of their Motion.  In the first, Didoni attests

---

basis of its "FMWA" claim, the Court assumes Plaintiffs intend to bring an action under the statutory
Florida Minimum Wage Act, which allows for collective actions (*see* Fla. Stat. § 448.110(9)), rather than
the Florida Constitution.  Nevertheless, because neither party briefs the issue of FMWA certification (*see
generally* Mot.; Opp'n), the Court does not reach it.

she is aware of approximately 40 other servers at the restaurant who were subject to the same policies and procedures she was. (*See* Affidavit of Roberta Didoni ("Didoni Affidavit") [ECF No. 20-1] ¶ 12). In the second, Ximena Lara attests to knowledge of approximately 30 other servers who were subject to the same policies and procedures. (*See* Affidavit of Ximena Lara ("Lara Affidavit") [ECF No. 20-2] ¶ 10). Both Plaintiffs state they have "personal knowledge that other servers will want to participate in this lawsuit, however, many of them are unaware of their rights pertaining to Florida minimum wages." (*Id.* ¶ 11; Didoni Aff. ¶ 13). Since the Motion was filed, one individual has filed a Notice of Consent [ECF No. 27-1] to join Plaintiffs' lawsuit. The three named Plaintiffs are now Roberta Didoni, Ximena Lara, and Yuliet San Roman. (*See id.*; *see generally* Didoni Aff.; Lara Aff.).

Plaintiffs request the Court (1) grant conditional certification; (2) require Defendants to post notice at their Miami-Dade headquarters; (3) require Defendants to provide identifying and contact information for every server within the putative class; (4) permit Plaintiffs to serve a proposed Notice [ECF 18-1] on members of the putative class whose information is supplied by Defendants; and (5) award any other relief the Court deems appropriate. (*See generally* Mot.).

Defendants argue the Motion should be denied because (1) Plaintiffs do not meet their burden to show members of the proposed class would "opt in;" and (2) Plaintiffs' proposed class definition is overbroad. (*See generally* Opp'n).

## II.     LEGAL STANDARD

The FLSA permits a plaintiff to bring a collective action on behalf of similarly-situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *see also Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) (citations omitted). In the interest of judicial economy,

district courts have discretionary power to authorize the sending of notice to potential class members. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Notice should only be authorized in appropriate cases. *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983). In order to grant conditional collective action certification, the Court must, at a minimum, satisfy itself that there are other employees who (1) are similarly situated with regard to their job requirements and pay provisions, and who (2) desire to opt into the case. *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).

Regarding the first requirement, the named Plaintiffs bear the burden of proving they and the class they seek to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). To evaluate whether a plaintiff has demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218) (other citations omitted). The first tier — the one at issue in the present Motion — is referred to as the notice stage. *See id.* (quoting *Hipp*, 252 F.3d at 1218).

> At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.* (quoting *Hipp*, 252 F.3d at 1218).

The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Id.*

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives — i.e. the original plaintiffs — proceed to trial on their individual claims.

*Id.* (quoting *Hipp*, 252 F.3d at 1218).

Regarding the second requirement, a plaintiff must show there are employees who would opt in if given notice. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220–21 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized." (alteration added; footnote call number and citation omitted)). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' . . . ." *Dybach*, 942 F.2d at 1567 (alteration added).

The plaintiff bears the burden of producing evidence demonstrating aggrieved individuals exist within the proposed class. *See Haynes*, 696 F.2d at 887–88 (holding the court properly declined to authorize notice to a prospective class where the only evidence presented was counsel's assertions that FLSA violations were widespread and additional plaintiffs would come from other stores). If the plaintiff does not satisfy this burden, the court should decline the certification of a collective action "to avoid the 'stirring up' of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomms., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

### III.   ANALYSIS

To conditionally certify an FLSA class, the Court must determine "(1) there are other employees of the Defendant[s] who desire to opt-in and (2) that these other employees are 'similarly situated' with respect to their job requirements and with regard to their pay

provisions." *Bennett v. Hayes Robertson Grp., Inc.*, 880 F. Supp. 2d 1270, 1282–83 (S.D. Fla. 2012) (alteration added) (quoting *Dybach*, 942 F.2d at 1567–68). As noted, the Court applies a "fairly lenient standard" at the notice stage in determining whether the class should be conditionally certified. *Hipp*, 252 F.3d at 1218. The rationale for this is that "at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence." *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004) (citing *Hipp*, 252 F.3d at 1218).

### A. Whether Other Employees Desire to Opt In

"Under *Dybach*'s first requirement, a plaintiff must show that there are other employees who desire to opt-in before a court can conditionally certify a class." *Kemar Fung Chung v. Affordable Battery, Inc.*, No. 12-60612-CIV, 2012 WL 3759029, at *1 (S.D. Fla. Aug. 29, 2012) (citing *Dybach*, 942 F.2d at 1567–68). "In making this showing, a plaintiff cannot rely on speculative, vague, or conclusory allegations." *Id*. (citations omitted). Although Plaintiffs attest they have dozens of coworkers who would join (*see* Didoni Aff. ¶ 12; Lara Aff. ¶ 10), Defendants argue Plaintiffs fail to make the requisite showing because they have not "identified who these additional employees are, any specific identifying facts that would show they exist and/or [are] still alive and able to join, how many additional employees there are, whether they still work for Columbus, or anything to show that this nothing more than a vague bluff." (Opp'n 5 (alteration added)).

Defendants cite a number of cases in which courts denied conditional certification because the named plaintiffs failed to demonstrate other employees desired to opt in. (*See* Opp'n 3–6 (collecting cases)). In most of these cases, the plaintiffs either failed to provide affidavits or provided affidavits that failed to identify "any additional employees, other than themselves, who

CASE NO. 18-22325-CIV-ALTONAGA/Goodman

desire to opt-in." *Manzi v. Hartman & Tyner, Inc.*, No. 11-60426-CIV, 2011 WL 2672343, at *3 (S.D. Fla. July 8, 2011). By contrast, Plaintiffs attest to personal knowledge of 30 to 40 individuals who "will want to participate in this lawsuit." (Didoni Aff. ¶ 13; Lara Aff. ¶ 11)

Moreover, since the filing of the Motion, a third named Plaintiff has joined the two Plaintiffs whose affidavits accompany the Motion. (*See* Notice of Consent). "Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'raise the Plaintiff's contention beyond one of pure speculation.'" *Bennett*, 880 F. Supp. 2d at 1283 (alteration and citation omitted). The addition of a named Plaintiff since the filing of the Motion belies Defendants' contention this is "nothing more than a fishing expedition" (Opp'n 10), and distinguishes this case from cases in which "[t]he last 'consent to join' was signed . . . nearly one year ago" *Kubiak v. S.W. Cowboy, Inc.*, No. 312-CV-1306-J-34JRK, 2014 WL 2625181, at *10 (M.D. Fla. June 12, 2014) (alteration added); *see also Webber v. Coast Dental, P.A.*, No. 8:12-CV-1505-T-33AEP, 2013 WL 935772, at *2 (M.D. Fla. Mar. 11, 2013) ("Months have transpired since the submission of these affidavits, and none of the individuals mentioned, or anyone else for that matter, have filed a notice of consent to join.").

Given the sworn statements made by Didoni and Lara, as well as the subsequent Notice of Consent filed by Yuliet San Roman, "[i]t is [] clear for purposes of a conditional certification analysis that a reasonable basis exists to believe there are other employees who desire to opt-in." *Bennett*, 880 F. Supp. 2d at 1283 (alterations added; citations omitted). Accordingly, the Court finds Plaintiffs have met their burden of demonstrating it is likely other employees exist who will opt into the proposed class. *See id*.

**B.  Evidence the Named Plaintiffs Are Similarly Situated to the Proposed Class**

Regarding the "similarly-situated" requirement, courts commonly consider five factors at

7

the conditional-certification stage: (1) whether the plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claimed violations are similar.  *See, e.g.*, *Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (citation and internal quotation marks omitted).

Plaintiffs explain "there is no requirement of 'strict symmetry' or 'absolute identity'" between the named Plaintiffs and potential class members.  (Mot. 9).  Defendants insist Plaintiffs cannot show they are similarly situated to the proposed class members because Didoni "admits she was a hostess and a server, yet is requesting in the Motion to Certify to limit the actions to 'servers.'"  (Opp'n 7).  Defendants also argue Plaintiffs "ha[ve] failed to proffer any evidence in relation to 'similarly situated' employees other than job title and pay provisions."  (*Id.* (alteration added)).

Disappointingly, neither party addresses the five factors relevant to determining whether a named plaintiff is similarly situated to the proposed class.  (*See generally* Mot.; Opp'n; Reply).  Nevertheless, the Court examines the similarities between the proposed class and Plaintiffs using the five factors identified in *Smith*.  The proposed class includes servers who worked at Defendants' Miami Beach restaurant during the last three years and were subjected to violations of the FLSA.  (*See* Am. Compl. ¶ 1).  Plaintiffs attest: (1) they held the same job title (server)[3] as the proposed class members (*see* Didoni Aff. ¶¶ 1, 12; Lara Aff. ¶¶ 1, 10); (2) they worked at the

_____

[3] Defendants' contention Plaintiffs are not similarly situated to the class because one named Plaintiff was a hostess in addition to being a server (*see* Opp'n 7) fails to persuade.  The relevant inquiry is whether "Plaintiffs in this case all held the same job title" during their employment, not whether Plaintiffs at some point held a different job title from each other.  *Hipp*, 252 F.3d at 1219.

same geographic location — Defendants' restaurant (*see* Didoni Aff. ¶ 1; Lara Aff. ¶ 1); (3) the events occurred at generally the same time, between 2013 and 2017 (*see* Didoni Aff. ¶ 1; Lara Aff. ¶ 1); (4) the decision maker and policies were the same (*see* Didoni Aff. ¶ 14; Lara Aff. ¶ 12); and (5) the FLSA violations they endured are substantially similar to those experienced by the proposed class (*see* Didoni Aff. ¶¶ 5–12; Lara Aff. ¶¶ 4–10, 12).  Clearly, all five factors weigh in favor of Plaintiffs.  Accordingly, the Court finds Plaintiffs are similarly situated to the proposed class.  *See Smith*, 289 F. Supp. 2d at 1372.

### C. Sufficiency of Proposed Notice

Plaintiffs request the Court's approval to send a proposed Notice of Opportunity to Join a Lawsuit . . . ("Notice") [ECF No. 18-1] to similarly situated employees of Defendants who could be class members.  (*See* Mot. 16).  The Court finds the Notice prepared unilaterally by Plaintiffs is deficient.  It is lengthy and verbose — and, more importantly, does not advise potential class members of *all* potential consequences of joining the litigation, including "liability for indemnification, attorney's fees and costs."  *White v. Subcontracting Concepts, Inc.*, No. 8:08-CV-620-T30TGW, 2008 WL 4925629, at *2 (M.D. Fla. Nov. 14, 2008); *see also Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932 (11th Cir. 2013) (citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)) (noting the FLSA entitles a prevailing defendant to attorney's fees and costs if the district court finds the plaintiff litigated in bad faith).  The Notice also fails to provide a deadline for potential class members to return the Notice to Plaintiffs' counsel.

The best course is for the parties "to work together in good faith to resolve any objections, so that if at all possible, a proposed notice to which all parties have agreed may be submitted to the court."  *Barron v. Henry Cty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1106 (M.D. Ala.

2003).  The Court therefore directs Plaintiffs' counsel to "confer with defense counsel regarding the form of the notice . . . in an attempt to reach agreement" before submitting a revised Notice to the Court for approval.  *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1336 (M.D. Fla. 2007) (alteration added).

### D.  Defendants' Notice Obligations

Plaintiffs request the Court (1) require Defendants to post the Notice in the Restaurant; and (2) provide Plaintiffs with the names and addresses of putative class members.  (*See* Mot. 16–17).  Defendants complain this request is "unreasonable" and "could potentially cripple their ability to successfully operate the business," but cite to no case law or other authority holding such requirements are impermissible.  (Opp'n 10).  Defendants also note Plaintiffs "failed to properly define who would be considered a potential class member" when requesting names and addresses.  (*Id*.).

It is not unusual for a court to require an FLSA defendant "to post the Notice and Consent in its break/lunch room" or another place where employees regularly gather.  *Dean v. W. Aviation, LLC*, No. 17-CV-62282, 2018 WL 1083497, at *6 (S.D. Fla. Feb. 28, 2018); *see also Smitherman v. Iguana Grill, Inc*., No. 7:14-CV-01781-JHE, 2015 WL 4112103, at *2 (N.D. Ala. June 12, 2015), *report and recommendation adopted*, No. 7:14-CV-01781-JHE, 2015 WL 4112408 (N.D. Ala. July 7, 2015) (finding "the notice would be posted by the time clock in the [] restaurant" (alteration added)).  Defendants' business will not be "crippled" by the posting of the Notice in an area where no customers can see it, such as the employee break room or in the back of the restaurant.  The Court finds Plaintiffs' request to post the Notice at Defendants' restaurant reasonable.

Defendants are correct, however, that Plaintiffs' Motion fails to provide a proper

CASE NO. 18-22325-CIV-ALTONAGA/Goodman

description of the persons whose names and addresses Plaintiffs seek to obtain. (*See* Opp'n 10). The putative class definition suggests Plaintiffs may seek the contact information of "[a]ll persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were required to share their tips with their employer." (Am. Compl. ¶ 1 (alteration added)). On the basis of that definition, the Court will require Defendants to provide contact information only for individuals employed as servers at Columbus Restaurant during the last three years. *See Kirk v. Dr. Goodroof, Inc.*, No. 2:14-CV-639-FTM-29CM, 2015 WL 1138445, at *4 (M.D. Fla. Mar. 13, 2015) ("To the extent Defendants are in possession of such information, they must provide Plaintiff[s] with a list of putative class members' names, addresses, and e-mail addresses." (alteration added)).

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion **[ECF No. 18]** is **GRANTED as follows**:

1. Conditional certification for the putative class identified in paragraph one of the Amended Complaint [ECF No. 9] is **GRANTED**.

2. The parties shall confer and prepare a joint Notice of this lawsuit for distribution to putative class members by **September 27, 2018**.

3. Following Court approval of the Notice, Defendants shall post the Notice at the Columbus Restaurant in a location regularly seen by servers at the restaurant by **October 8, 2018**.

4. Defendants shall provide the names and contact information of all individuals employed as servers at Columbus Restaurant during the time period between June 1, 2015 and the date of this Order by **October 8, 2018**.

11

CASE NO. 18-22325-CIV-ALTONAGA/Goodman

5.  The parties shall file a proposed amended scheduling order with proposed class-related

deadlines, including deadlines for the addition of class members and a deadline to file

class decertification motions, by **September 27, 2018**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of September, 2018.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record