UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-22325-CIV-GOODMAN
[CONSENT CASE]

ROBERTA DIDONI, et al.,

    Plaintiffs,

v.

COLUMBUS RESTAURANT, LLC, et al.,

    Defendants.

_____/

## ORDER ON FLSA SETTLEMENT

The Court held a fairness hearing on October 26, 2018 and heard from counsel regarding the fairness of the settlement of Plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA"). [ECF No. 36].

In general, the minimum wage and overtime provisions of the FLSA[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). There are, however, two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private

---

[1]     29 U.S.C. § 201 *et seq.*

lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores* and the strengths of the parties' cases; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiffs more than they believe Plaintiffs are due under the law. Both sides have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also reviewed Plaintiffs' counsel's billing records. [ECF No. 35]. Those records show that Plaintiffs' counsel is recovering slightly less in attorney's fees and costs than actually incurred in this matter, based on standard billing rates. But, in any event, the Court finds the amount of fees and costs actually incurred to be reasonable. Therefore, the settlement is reasonable not just when viewed in light of Plaintiffs' claims against Defendants (and Defendants' defenses to those claims), but also in light of the amounts that Plaintiffs and their counsel will each receive.

The Court also finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, the Court finds that the parties' settlement agreement is fair and reasonable, approves the settlement, and **dismisses** this action **with prejudice**. The Court also reserves jurisdiction to enforce the terms of the parties' settlement, **closes** the case, and **denies** all pending motions as **moot**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on October 26, 2018.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record