UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-22325-CIV-ALTONAGA/Goodman

ROBERTA DIDONI, on behalf of herself and others similarly situated,

    Plaintiff,

vs.

COLUMBUS RESTAURANT, LLC d/b/a Columbus Restaurant, a Florida limited liability company, CRISTIAN AZZARITI, an individual, and PAOLO VANDRA, an individual,

    Defendants.
_____/

## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Named Plaintiff, ROBERTA DIDONI, along with Opt-In Plaintiffs XIMENA LARA and YULIET SAN ROMAN (collectively referred to as "Plaintiffs") and Defendants, COLUMBUS RESTAURANT, LLC, CRISTIAN AZZARITI, and PAOLO VANDRA, and his/its owners, operators, shareholders, partners, officers, directors, insurers, managers, supervisors, employees, heirs and assigns, collectively, (collectively, the "Defendants"). Plaintiffs and Defendants shall be collectively referred to as the "Parties."

The Parties hereby agree as follows:

    A.    Plaintiffs filed an action against Defendants asserting claims for overtime violations under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("FLSA") and Article X, Section 24 of the Florida Constitution ("FMWA"), and for a declaration of rights (the "Action");

    C.    The Action is pending in the United States District Court for the Southern District of Florida, Case No. 18-22325-CIV-JG;

D.    Defendants deny that they violated Plaintiffs' rights with respect to the claims raised in the Action, either under the FLSA, the FMWA, or any other local, state, federal, or common law;

E.    The Parties have agreed to compromise and settle the Action; and

F.    The Parties agree that the compromise and settlement of said claims by Plaintiffs against Defendants are not limited to the factual allegations asserted by Plaintiffs in the Action, and this Agreement includes resolves and extinguishes all other legal and administrative claims, remedies and actions, which are based on or related to the factual allegations asserted in this Action.

G.    The Parties agree that nothing contained herein, and no action taken by any Party hereto regarding this Agreement, shall be construed as an admission by any Party of liability or of any fact that might give rise to liability for any purpose whatsoever.

In consideration of the mutual promises, agreements and covenants made by each signatory to the other as set forth herein, the Parties agree as follows:

1.    The above recitals are true and correct and are incorporated into and made an express part of this Agreement.

2.    Plaintiffs ROBERTA DIDONI, XIMENA LARA, and YULIET SAN ROMAN, on their behalf and on behalf their heirs and assigns, release, remise, and forever discharge Defendants from all claims, suits, actions, charges, demands, judgments, costs and executions present and future, known or unknown, both legal and equitable in any manner arising out of the causes of action and factual allegations in the Action filed in the United States District Court for the Southern District of Florida, Case No. 18-22325-CIV-JG. Likewise, Defendants hereby waive any and all claims, suits, actions, charges, demands, judgment, costs and executions present and future, known



or unknown, both legal and equitable, they may have against Plaintiffs, from the beginning of time until the date of signing.

3. In consideration for Plaintiffs' promises and covenants contained herein, Defendants will pay Plaintiffs the total gross amount of FIFTY-FIVE THOUSAND FIVE HUNDRED AND 0/100 DOLLARS ($55,500.00). Plaintiffs and Plaintiffs' counsel shall provide counsel for Defendants a W-9 upon Plaintiffs' execution of this Agreement. This payment is intended to also compensate Plaintiffs' counsel for any and all claims for attorney's fees and costs he may have, and that no further amounts of fees and costs are owed to him in this matter.

4. The amount set forth above, to be ultimately distributed to Plaintiffs and to their attorneys, shall be provided to Plaintiffs' counsel in six (6) installments as follows:

   i. The First equal installment, in the amount of $9,250.00, shall be made no later than ten (10) calendar days from the date of Court approval of the settlement/fairness hearing or from the date of tender of the original of this Agreement fully executed, in three checks addressed as follows:

   a. Roberta Didoni: $3,334.00

   b. Ximena Lara: $3,000.00

   c. Yuliet San Roman: $1,166.00

   d. Law Office of Lowell J. Kuvin: $1,750.00

   ii. The Second equal installment, in the amount of $9,250.00, shall be made no later than thirty days (30) days from the due date of the first payment, in three checks addressed as follows:

   a. Roberta Didoni: $3,333.00

   b. Ximena Lara: $3,000.00

   c. Yuliet San Roman: $1,167.00

3

        d.      Law Office of Lowell J. Kuvin: $1,750.00

    iii.      The Third equal installment, in the amount of $9,250.00, shall be made no later than sixty (60) days from the due date of the first payment, in three checks addressed as follows:

        a.      Roberta Didoni: $3,333.00

        b.      Ximena Lara: $3,000.00

        c.      Yuliet San Roman: $1,167.00

        d.      Law Office of Lowell J. Kuvin: $1,750.00

    iv.      The Fourth equal installment, in the amount of $9,250.00, shall be made no later than ninety (90) days from the due date of the first payment, in three checks addressed as follows:

        a.      Roberta Didoni: $3,334.00

        b.      Ximena Lara: $3,000.00

        c.      Yuliet San Roman: $1,166.00

        d.      Law Office of Lowell J. Kuvin: $1,750.00

    v.      The Fifth equal installment, in the amount of $9,250.00, shall be made no later than one hundred twenty (120) days from the due date of the first payment, in three checks addressed as follows:

        a.      Roberta Didoni: $3,334.00

        b.      Ximena Lara: $3,000.00

        c.      Yuliet San Roman: $1,166.00

        d.      Law Office of Lowell J. Kuvin: $1,750.00

vi. The Sixth and Final installment, in the amount of $9,250.00, shall be made no later than one hundred fifty (150) days from the due date of the first payment, in three checks addressed as follows:

    a. Roberta Didoni: $3,333.00

    b. Ximena Lara: $3,000.00

    c. Yuliet San Roman: $1,167.00

    d. Law Office of Lowell J. Kuvin: $1,750.00

vii. Said installments shall be delivered to Plaintiffs' counsel, LAW OFFICES OF LOWELL KUVIN, P.A, by its respective due date.

viii. <u>Default Provision.</u> In the event that a payment, as set forth above, is not received by Plaintiffs' counsel by its due date, Plaintiffs' counsel shall send "Notice of Default" via email to counsel for the Defendants. Thereafter, Defendants shall have five (5) business days to cure. Should Defendants not cure within five (5) business days by making payment, then Plaintiffs shall be entitled to entry of a Stipulated Final Judgment against all Defendants, jointly and severally, in the amount outstanding and remaining unpaid as of the entry of the judgment, plus reasonable fees and costs incurred and awarded by the Court in entering judgment.

5. The Parties shall bear his/its own attorneys' fees, costs and expenses, except as described in Section 2 and 3.

6. Plaintiffs further agree that the consideration set forth in Section 3 resolves all of Plaintiffs and Defendants' bona fide disputes as to the issues of alleged unpaid minimum wage and overtime wages being owed to Plaintiffs, including all claims related to tips/gratuities and deductions/charges for business expenses as alleged and described in the Class Complaint, and



that upon receipt of the consideration set forth in Section 3, Plaintiffs have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses and/or commissions to which they may be entitled, and that no other leave (paid or unpaid), compensation, wages, bonuses and/or commissions are due to them under applicable law, including but not limited to the Fair Labor Standards Act and local and state wage and hour laws, under Defendants' policies, under any agreements, including Employment Agreements, between the Parties or otherwise.

7. Plaintiffs agree that if they bring additional or new claims against Defendants arising out of or relating to the claims and factual allegations asserted in the Action, in a court of law or otherwise, they must first return all sums of money paid per this Agreement as described in Section 3. Notwithstanding, nothing herein shall be construed as Defendants' authorizing, waiving defenses to or authorization for such action or claim.

8. In the event an action is commenced seeking enforcement of this Agreement, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees and costs from the other party, including all appeals.

9. Plaintiffs agree to pay their respective employee's share of taxes, if any, which are required by law to be paid with respect to any portions of this settlement and the amounts paid to them. Plaintiffs further agree to indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries of any governmental authority assessed against Defendants because of Plaintiffs' failure to pay applicable taxes on any portion of the entire settlement amount. Plaintiffs further agree to hold Defendants harmless as to costs, expenses or damages sustained by Defendants as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise because of Plaintiffs' failure to pay such taxes.



10. **Non-Disparagement.** Plaintiffs agree not to criticize or make any negative or disparaging remarks about Defendants, their business or business practices, their owners, their agents, or their current and former employees. Likewise, Defendants agree not to criticize or make any negative or disparaging remarks about Plaintiffs.

11. **Neutral References.** Defendants agree that should a prospective employer of Plaintiffs seek any information about them, Defendants shall only provide Plaintiffs' dates of employment, positions held, and rates of pay.

12. **Confidentiality.** For the consideration described in Section 3, Plaintiffs agree to, pledge, covenant and promise to hold strictly confidential both the terms of this Agreement and the circumstances underlying it, except to the extent that is required in order to submit this Agreement to the Court for approval and to the extent they are required to reveal information under compulsion of legal process. Plaintiffs may reveal the details of this Agreement to their attorneys, accountants and/or members of their immediate family (meaning spouse or domestic partner) but only if those individuals agree to keep confidential the information revealed to them. If Plaintiffs are expressly asked about the status or outcome of the Action, they may only state that "the matter was resolved and that the terms of the Agreement prohibit further comment."

12. Plaintiffs acknowledge they have been advised to consult an attorney prior to signing this Agreement, and that they have in fact consulted with and been advised by LAW OFFICE OF LOWELL KUVIN, in the negotiation of this Agreement. Plaintiffs are satisfied that his counsel has provided them with competent legal advice and has explained to their satisfaction the terms of this Agreement and their legal options before they signed this Agreement.

13. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement. This Agreement may not be amended except in a writing that is signed by all Parties to this Agreement.

14. This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

15. The Parties shall ask the Federal Court in this action to retain jurisdiction to enforce the terms of the Agreement. If the Court declines, now or in the future, to retain jurisdiction as to terms, and the Parties seek judicial review of an alleged breach, or otherwise seek to pursue a claim based on this Agreement, this Agreement shall be construed and enforced in accordance with and subject to the laws of the State of Florida, and exclusive venue for any legal action brought under, or related to, this Agreement shall be a court of competent jurisdiction located in Miami-Dade County, Florida.

Dated this 21 day of OCTOBER 2018

_____
ROBERTA DIDONI

Dated this 21 day of October 2018

_____
XIMENA LARA

Dated this 21 day of October 2018

_____
YULIET SANROMAN

Dated this _____ day of _____ 2018

_____
CRISTIAN AZZARITI

Dated this _____ day of _____ 2018

_____
COLUMBUS RESTAURANT, LLC
By: _____, Owner

Dated this _____ day of _____ 2018

_____
PAOLO VANDRA, Individually

8

14. This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

15. The Parties shall ask the Federal Court in this action to retain jurisdiction to enforce the terms of the Agreement. If the Court declines, now or in the future, to retain jurisdiction as to terms, and the Parties seek judicial review of an alleged breach, or otherwise seek to pursue a claim based on this Agreement, this Agreement shall be construed and enforced in accordance with and subject to the laws of the State of Florida, and exclusive venue for any legal action brought under, or related to, this Agreement shall be a court of competent jurisdiction located in Miami-Dade County, Florida.

Dated this _____ day of _____ 2018

_____
**ROBERTA DIDONI**

Dated this _____ day of _____ 2018

_____
**XIMENA LARA**

Dated this _____ day of _____ 2018

_____
**YULIET SAN ROMAN**

Dated this _____ day of _____ 2018

_____
**CRISTIAN AZZARITI**

Dated this _____ day of _____ 2018

_____
**COLUMBUS RESTAURANT, LLC**
By:_____, Owner

Dated this _18_ day of _10_ 2018

_____
**PAOLO VANDRA, Individually**

8