**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 18-22325-CIV-GOODMAN**
**[CONSENT CASE]**

ROBERTA DIDONI, et al.,

    Plaintiffs,

v.

COLUMBUS RESTAURANT, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR STIPULATED FINAL DEFAULT JUDGMENT PLUS REASONABLE FEES

Plaintiff, Roberta Didoni, on her own behalf and on behalf of opt-in Plaintiffs Ximena Lara and Yuliet San Roman (collectively, "Plaintiffs"), filed an Amended Motion for Stipulated Final Default Judgment Plus Reasonable Fees and Costs against Defendants (the "Motion"), Columbus Restaurant, LLC d/b/a Columbus Restaurant ("Columbus Restaurant"), Cristian Azzariti ("Azzariti"), and Paolo Vandra ("Vandra") (collectively, "Defendants"). [ECF No. 48]. Defendants, however, did not file an opposition response to the Motion, and the time to do so has long passed.

For the reasons detailed below, the Court **grants** Plaintiffs' Motion, **awards**

Plaintiffs $3,325 in attorney's fees,[1] and enters a **default judgment** against Defendants in the amount of $17,199 (to bear interest at the statutory rate from the date of the default judgment).

**A.    Background**

On June 11, 2018, Plaintiffs filed suit against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq* ("FLSA"). [ECF No. 1]. On September 27, 2018, the parties reached a settlement and filed a Joint Notice of Settlement. [ECF No. 32]. After the parties consented to Magistrate Judge jurisdiction, U.S. District Court Judge Marcia G. Cooke referred all further proceedings, including the statutorily-required FLSA fairness hearing, to the Undersigned. [ECF Nos. 32; 33].

On October 26, 2018, the Undersigned held a fairness hearing and approved as fair and reasonable the parties' settlement of their FLSA dispute. [ECF Nos. 36; 37]. The terms of the Settlement Agreement require Defendants to pay to the three Plaintiffs $55,500 in six installments of $9,250 in thirty-day intervals from the date of Defendants' first payments. [ECF No. 43, p. 3].

Paragraph G(4)(viii) of the Settlement Agreement contains the following "Default Provision" if a payment, as set forth in Paragraph G of the Settlement Agreement, is not received by Plaintiffs:

---

[1] The title of Plaintiffs' Motion requests "reasonable fees and costs," but no costs are alleged within the Motion.

> In the event that a payment, as set forth above, is not received by Plaintiffs' counsel by its due date, Plaintiffs' counsel shall send "Notice of Default" via email to counsel for the Defendants. Thereafter, Defendants shall have five (5) business days to cure. Should Defendants not cure within five (5) business days by making payment, then Plaintiffs shall be entitled to entry of a Stipulated Final Judgment against all Defendants, jointly and severally, in the amount outstanding and remaining unpaid as of the entry of the judgment, plus reasonable fees and costs incurred and awarded by the Court in entering judgment.

[ECF No. 43, p. 5].

The following payments have been made to Plaintiffs since October 21, 2018, the date that the parties entered into the Settlement Agreement:

1. On November 27, 2018, Defendants paid Plaintiffs $4,625, half of the first settlement payment due. [ECF No. 48-3].

2. On January 14, 2019, Defendants paid the remaining $4,625 of that first payment installment. [ECF No. 48-3].

3. On February 4, 2019, Defendants paid $9,250 for the second settlement payment. [ECF No. 48-3].

4. On March 25, 2019, after Plaintiffs filed a motion for default judgment against Defendants,[2] the Defendants paid $9,250 for the third settlement payment. [ECF No. 48-3].

---

[2] On April 18, 2019, this Court granted in part Plaintiffs' Motion for Final Default Judgment [ECF No. 40], establishing that Plaintiffs are entitled to a final default judgment consisting of the amounts outstanding under the Settlement Agreement and a judgment for reasonable attorneys' fees and costs, but reserved ruling as to those amounts, because

5. The Court entered a final default judgment on May 14, 2019, in the amount of $27,748. [ECF No. 47].

6. Finally, on May 10, 2019, the Defendants paid the Plaintiffs $13,876 for the fourth settlement payment and half of the fifth settlement payment. [ECF No. 48-3].

As of the date that Plaintiffs filed their Motion (and as of the date of this Order), Defendants have paid $41,626 of the $55,500 settlement amount. They still owe the Plaintiffs $13,874, or approximately twenty-five percent of the total settlement amount. [ECF No. 48-3].

Plaintiffs also request $3,325 for 9.5 hours' worth of attorney's fees, at a rate of $350/hour, which were necessarily incurred in enforcing the terms of the Settlement Agreement. [ECF No. 48, p. 2]. Defendants have not filed a response nor an objection to Plaintiffs' request for attorney's fees.

In sum, Plaintiffs are requesting the entry of a default judgment in the amount of $17,199 (plus interest).

**B.    Analysis**

Settlement agreements are contracts that should be constructed and enforced under principles of contract law. *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Under Florida law, "settlements are highly favored and will be enforced

---

the Plaintiffs' motion did not have supporting affidavits or declarations as to the exact amounts owed by Defendants. [ECF No. 44].

whenever possible." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). Therefore, courts must enforce the plain meaning of a settlement agreement's unambiguous provisions. *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 393 (11th Cir. 2009).

The settlement agreement requires that the Defendants pay the Plaintiffs $55,500 in six installments of $9,250 in thirty-day intervals from the Defendants' first payment made. [ECF No. 43, p. 3]. The Settlement Agreement contemplates monetary defaults and "entitle[s]" Plaintiffs to the "entry of a Stipulated Final Judgment against all Defendants, jointly and severally, in the amount outstanding and remaining unpaid as of the entry of the judgment, plus reasonable fees and costs incurred and awarded by the Court in entering judgment." [ECF No. 43, p. 5]. Under the plain terms of the Settlement Agreement, Defendants owe Plaintiffs $13,874, plus $3,3,25 in attorney's fees incurred by enforcing the Settlement Agreement. [ECF No. 48-3].

Enforcement of FLSA settlement agreements and adherence to default provisions are not novel concepts to this Court. For example, this Court enforced an FLSA settlement agreement and entered a default judgment in the amount of $19,000 (bearing interest of $18,500) where defendants failed to timely make settlement payments to a plaintiff. *See Ocasio v. Foods of S. Fla., Inc.*, No. 15-21797-CIV, 2018 WL 1859331, at *2 (S.D. Fla. Mar. 15, 2018).

Here, Plaintiffs have presented the Settlement Agreement with the unambiguous terms of the required payments and default provision (which includes the remittance of attorney's fees in the face of a default), copies of the checks that were tendered to Plaintiffs, and a declaration of Plaintiffs' counsel for the amounts still owed by Defendants. [ECF No. 48]. The plain text of the parties' Settlement Agreement states that upon Defendants' default, the Court shall enter a stipulated final default judgment against the Defendants, jointly and severally, in the total amount outstanding, plus reasonable fees and costs incurred in enforcing the Settlement Agreement. [ECF No. 43].

As a result of Defendants' breach of the clear terms of the Settlement Agreement, as well as Plaintiffs' compliance with the Settlement Agreement, the Court finds that Plaintiffs are entitled to a final default judgment entered against the Defendants, jointly and severally, in the total amount outstanding and remaining unpaid as of the entry of this judgment, $13,874. This Court finds Plaintiffs' counsel's fees of $3,325 for 9.5 hours of work, at a rate of $350/hour, to be reasonable and necessary to enforce the terms of the Settlement Agreement since 2018. [ECF No. 48-3].

**C.     Conclusion**

The Court **grants** Plaintiffs' Amended Motion for Stipulated Final Default Judgment Against All Defendants Plus Reasonable Fees and Costs in favor Plaintiffs, and against Defendants, jointly and severally. The Court **grants** Plaintiffs' request for attorney's fees in the amount of $3,325. Therefore, this Court **enters a default judgment**

against Defendants in the amount of $17,199 (to bear interest at the statutory rate from the date of the default judgment).

**DONE AND ORDERED** in Chambers, at Miami, Florida, on March 17, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record